## Buist's Estate.

*Jerome J. Rothschild*, for exceptant; *Julius C. Levi*, contra.

VAN DUSEN, J., April 4, 1929.—The trust estate owned 200 shares of the Fourth Street National Bank. This bank merged with the Franklin National Bank, and the estate received 200 shares of the Franklin-Fourth Street National Bank. The latter then merged with the Philadelphia-Girard National Bank and the estate received 200 shares of the merged institution—the Philadelphia National Bank. All were of the same par value. The book value of the latter shares exceeds by $10,924 the book value of the original shares at the time of the decedent's death, and this sum was awarded to the life-tenant as income, payable in stock or cash.

The life-tenant of corporate stock is not entitled to corporate earnings as they are made. There must either be corporate action declaring cash dividends, or transforming earnings into capital and distributing them as so-called stock dividends (Earp's Appeal, 28 Pa. 368); or a winding up of the corporate enterprise so that its assets are to be distributed to those who are equitably entitled to the respective portions (McKeown's Estate, 263 Pa. 78); or a sale of the stock (Nirdlinger's Estate, 290 Pa. 457), so that the connection of the stockholder with the corporate enterprise is severed.

The transaction in question is none of these. The exchange was share for share. No surplus or undivided profits have been capitalized and distributed as stock dividends. If, as a result of the exchange, the estate had received additional shares representing new capital created out of surplus, a different question would be presented. But the mere merger, the addition of the enterprise and its capital to another enterprise and its capital, is not a dividend.

Nor is a merger a liquidation. Quite the contrary—it is a continuation of the enterprise. The transaction is not different in that respect from the addition of capital by the issuing of new stock for cash. And for the same reason, this is not a sale. The estate still has the same capital interest in the new corporation—only the enterprise is a very much greater one.

The converse of our case is found in United States Trust Co. *v.* Heye, 224 N. Y. 242, 120 N. E. Repr. 645, a decision applying the Pennsylvania rule, which was cited and quoted from in the opinion in Nirdlinger's Estate, *supra.* The court there held that the distribution *pro rata* to stockholders of the shares of constituent companies upon the dissolution of the Standard Oil Company under the anti-trust laws gave no occasion for an inquiry into earnings and apportionment thereof to a life-tenant. The transaction was not the capitalization of surplus and distribution of new shares as a dividend; and (we might add) it was not such a dissolution as terminated the connection of the stockholder with the business enterprise.

In order that it may not be forgotten, we mention that in case of a stock dividend the whole is, presumptively, earnings because so declared by corporate action. In the case of a dissolution or a sale, this is not so. See the end of the opinion in McKeown's Estate. Neither are we now concerned with

the question as to whether the stock should be sold. To sustain the claim of the life-tenant would go beyond any of the decisions as we understand them.

The second exception relates to a finding of fact which is correct enough, but, in our view, immaterial. It is dismissed. The other exceptions of the remainderman are sustained and the adjudication is modified accordingly.

LAMORELLE, P. J., and HENDERSON, J., dissenting. STEARNE, J., did not sit.